ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

TERRANCE ROLLAND,

    Plaintiff,

v.

TEXTRON, INC.,
a foreign corporation,

    Defendant.

CIVIL ACTION

NO. CV105-23

## ORDER

Plaintiff, Terrance Rolland, filed the above action against his former employer, Textron, Inc., to recover benefits allegedly due and payable under an employee welfare benefit plan. Presently before the Court are the parties' motions to strike certain affidavits and Defendant's motion for summary judgment. For the reasons stated below, the parties' motions to strike certain affidavits will be **DENIED**. Defendant's motion for summary judgment will be **GRANTED IN PART and DENIED IN PART**. The Defendant's motion to strike Plaintiff's jury demand will be **GRANTED**.

## FACTS

Plaintiff was employed by Textron as an hourly employee at its E-Z-GO plant in Augusta, Georgia, from October 1987 until

AO 72A
(Rev. 8/82)

December 18, 2003, the date he was unable to return to work due to complications related to his diabetes. As a Textron employee, Plaintiff participated in Textron's employee welfare benefit plan.

Each year, Plaintiff signed up for employee benefits during an open enrollment period between October and November. Prior to the open enrollment process, Plaintiff received a personal fact sheet ("PFS") showing his Plan Year benefit elections and contribution amounts. After open enrollment was complete, Plaintiff would receive a benefit confirmation sheet ("BCS").

In 2003, Textron contracted with Fidelity as an outside vendor to centralize all of Textron's North American benefit and payroll systems. Part of this centralization included implementation of an online enrollment procedure.

The Plan Year 2004 PFS and BCS showed that Plaintiff was enrolled in the employer paid salary continuation and long term disability benefit plans. Neither document made any reference to short term disability benefits.

In December 2003, Plaintiff became unable to return to work due to his disability. After short term disability benefits were exhausted on June 24, 2004, Plaintiff inquired

about the availability of long term benefits. Plaintiff contends that he was advised by the plan administrator that he was enrolled in the long term disability plan. When he attempted to make application for long term benefits, however, Defendant denied that Plaintiff was ever enrolled in the long term plan. Plaintiff alleges that Defendant refused to provide him with any requested information, including 2004 plan documents.

Plaintiff filed suit in this Court based on the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. and 28 U.S.C. § 1331. In his complaint, Plaintiff asserts that he is entitled to long term disability benefits under the plan or, in the alternative, that Defendant has fraudulently and knowingly misrepresented to Plaintiff that he was entitled to such benefits. Plaintiff further alleges that Defendant has willfully failed to respond to Plaintiff's requests for plan documents. In addition to seeking long term disability benefits allegedly due under Textron's employee welfare benefit plan, Plaintiff seeks punitive damages, attorneys' fees, and court costs for Defendant's alleged bad faith.

AO 72A
(Rev. 8/82)

On October 17, 2005, Defendant filed the instant motion for summary judgment. Defendant advances several arguments in support of its motion. Defendant argues that preemption bars Plaintiff's claims and entitles it to summary judgment. Defendant further argues that Plaintiff lacks standing, Plaintiff does not meet the eligibility requirements for long term disability benefits, and Plaintiff cannot establish that Textron engaged in fraud. In the alternative, Defendant argues that the Court should strike Plaintiff's jury demand.

Additionally, both Plaintiff and Defendant have moved to strike certain affidavits submitted by the opposing party. Plaintiff has filed a motion to strike the supplemental affidavits of Greg Peters and Denise Wilson. Defendant has filed a motion to strike paragraph 10 and Exhibit 2 of Plaintiff's November 8, 2005 affidavit.

## DISCUSSION

### I. Motions to Strike

Rule 56(e) of the Federal Rules of Civil Procedure requires that "affidavits" that support or oppose summary judgment motions "be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence." On

-4-

a motion for summary judgment, the court may consider only that evidence which can be "reduced to an admissible form." Rowell v. BellSouth Corp., 433 F.3d 794, 800 (11th Cir. 2005) (citing Macuba v. Deboer, 193 F.3d 1316, 1324-25 (11th Cir. 1999)); Denney v. City of Albany, 247 F.3d 1172, 1189 n.10 (11th Cir. 2001). That is, the evidence "must be admissible at trial for some purpose." See Macuba, 193 F.3d at 1323.

### A. Plaintiff's Motion to Strike

In addition to asserting specific objections to the Peters and Wilson affidavits, Plaintiff objects to these affidavits because Defendant filed them without first seeking permission of the Court. Plaintiff has offered, and the Court has found, no legal authority, either in the language of Rule 56(e) itself or relevant case law, requiring a party to seek permission of the court before filing an affidavit in support of a summary judgment motion.

Plaintiff objects to the relevancy of Peters' supplemental affidavit authenticating Fidelity Investments' September 5, 2005 letter. Because Defendant filed the Peters' affidavit in response to Plaintiff's challenge to the authenticity of the Fidelity letter, the Court concludes that Peters' affidavit is

-5-

AO 72A
(Rev. 8/82)

admissible in support of Defendant's motion for summary judgment.

Plaintiff similarly objects to the relevancy of Denise Wilson's supplemental affidavit as to any issue in this case. In addition, Plaintiff argues that Wilson's testimony is inadmissible because it is not based on personal knowledge as required by Rule 56(e). In her supplemental affidavit, Wilson offers testimony as to the manner in which Textron customarily distributed summary plan descriptions and other plan documents to its salaried and hourly employees based on knowledge obtained while performing her duties in Textron's Human Resources Department for more than ten years. Under Federal Rule of Evidence 406, "[e]vidence of the . . . routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the . . . organization on a particular occasion was in conformity with the habit or routine practice." Thus, the Wilson affidavit is admissible in support of Defendant's motion for summary judgment.

B.   **Defendant's Motion to Strike**

Defendant objects to paragraph 10 of Plaintiff's November 8, 2005 affidavit on the ground that it impermissibly relies on hearsay, and Exhibit 2 referenced therein, on the ground that it has not been properly authenticated. In paragraph 10 of his affidavit, Plaintiff testifies as to the efforts he made to authenticate documents provided to him in response to his request under the Freedom of Information Act ("FOIA") relating to several telephone conversations he had with an investigator from the Department of Labor ("DOL"). The exhibit at issue consists of the documents provided by the DOL in response to Plaintiff's FOIA request.

Hearsay is "an out-of-court statement offered to prove the truth of the matter asserted." Fed. R. Evid. 801(c); Cargill v. Turpin, 120 F.3d 1366, 1373 (11th Cir.), reh'g & reh'g en banc denied, 131 F.3d 157 (1997), cert. denied, 523 U.S. 1080, 118 S.Ct. 1529, 140 L.Ed.2d 680 (1998) (citations omitted). An out of court statement is inadmissible unless the statement is not hearsay as provided by Rule 801(d), or falls into one of the hearsay exceptions enumerated in the Federal Rules of Evidence. United States v. Baker, 432 F.3d 1189, 1203 (11th Cir. 2005). Generally, inadmissible hearsay cannot be

AO 72A
(Rev. 8/82)

considered on a motion for summary judgment. Club Car, Inc. v. Club Car (Quebec) Import, Inc., 362 F.3d 775, 783 (11th Cir.), reh'g & reh'g en banc denied, 111 Fed. Appx. 1003, cert. denied, 543 U.S. 1002, 125 S.Ct. 618, 160 L.Ed.2d 461 (2004).

Central to the Court's determination as to whether Plaintiff's offered testimony is inadmissible hearsay is the purpose for which the testimony was offered. Plaintiff's affidavit was offered for numerous purposes, including to demonstrate that Defendant offered long term disability benefits to hourly employees, that hourly employee enrollment in the long term plan was not erroneous, and that facts existed suggesting that Plaintiff was enrolled in the long term disability plan. (See Rolland Aff. ¶¶ 9, 10, 17, 27, 39, 40-41, 44, 53-56, 83.)

Paragraph 10 and Exhibit 2 of Plaintiff's affidavit are admissible in support of Plaintiff's opposition to Defendant's summary judgment motion. Plaintiff's testimony regarding what Fidelity allegedly told the DOL investigator is inadmissible hearsay for the purpose of demonstrating that Plaintiff was, in fact, entitled to long term benefits. It would be admissible, however, to demonstrate that Plaintiff was told he was entitled to these benefits. See Fed. R. Evid. 801(c)

Advisory Committee Note ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."). Further, the remainder of Plaintiff's testimony contained in paragraph 10 of his affidavit would be admissible to demonstrate the manner in which Plaintiff came into possession of the documents attached to his affidavit as Exhibit 2 and his efforts to authenticate the same. Finally, the official record of the DOL investigation is admissible under Federal Rule of Evidence 803(8)[1].

---

[1] Federal Rule of Evidence 803(8) provides:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

## II. Defendant's Motion for Summary Judgment

Summary judgment is appropriate when no genuine issues remain and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, all facts and reasonable inferences are to be construed in favor of the non-moving party. Hogan v. Allstate Ins. Co., 361 F.3d 621, 625 (11th Cir. 2004). The party opposed to the summary judgment motion, however, "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

### A. Preemption

Defendant argues that the Plaintiff's claims sound in state law and, as a result, should be dismissed as preempted by ERISA. "ERISA has two central goals: (1) protection of the interests of employees and their beneficiaries in employee benefit plans . . .; and (2) uniformity in the administration of employee benefit plans . . .." Heffner v. Blue Cross & Blue Shield of Ala., Inc., 443 F.3d 1330, 1333 (11th Cir.), reh'g & reh'g en banc denied, 186 Fed. Appx. 983 (2006) (quoting

-10-

Horton v. Reliance Standard Life Ins. Co., 141 F.3d 1038, 1041 (11th Cir. 1998)). Congress determined that these goals would be best served by establishing exclusive federal regulation, and ERISA therefore bars all state claims bearing on employee benefit plans unless they are protected by the savings clause of the statute.[2] Aetna Health Inc. v. Davila, 542 U.S. 200, 208, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-49, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). ERISA preemption is "deliberately expansive," and designed to establish plan regulation as exclusively a federal concern. Pilot Life, 481 U.S. at 46, 107 S.Ct. at 1552; see also N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 651-52, 115 S.Ct. 1671, 1675, 131 L.Ed.2d 695 (1995). "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Aetna Health, Inc., 542 U.S. at 209, 124 S. Ct. at 2495.

---

[2] The savings clause, 29 U.S.C. 1144(b), is not invoked in the present action.

Plaintiff concedes that his state law claims are preempted under ERISA. See Sanson v. Gen. Motors Corp., 966 F.2d 618, reh'g denied, 974 F.2d 1350 (11th Cir. 1992), cert. denied, 507 U.S. 984, 113 S.Ct. 1578, 123 L.Ed.2d 146 (1993) (claims related to employer's alleged fraudulent misrepresentation as to availability of benefits under a special retirement program preempted by ERISA); see also Franklin v. QHG of Gadsden, Inc., 127 F.3d 1024, 1028-29 (11th Cir. 1997) (state law claims of fraud and misrepresentation based upon the failure of a covered plan to pay benefits preempted by ERISA); Lee v. E.I. DuPont de Nemours & Co., 894 F.2d 755, 757 (5th Cir. 1990) (ERISA preempts state law claims of fraud and misrepresentation without regard to whether ERISA provided any remedy for claimed wrong). In his response to Defendant's motion, Plaintiff attempts to circumvent ERISA preemption by asserting that his state tort law claims are alleged in the alternative as permitted by Federal Rule of Civil Procedure 8(a), in the event the Court determines he cannot recover under ERISA. Such alternative pleading, however, would clearly undermine congressional intent to make the ERISA remedy exclusive. Aetna Health Inc., 542 U.S. at 214, 124 S.Ct. at 2498, n.4 ("[A] state cause of action that provides an alternative remedy to

those provided by the ERISA civil enforcement mechanism conflicts with Congress' clear intent to make the ERISA mechanism exclusive."). Nevertheless, Plaintiff's ERISA claims are, of course, not subject to ERISA preemption. In light of Plaintiff's clear citation to the ERISA statute in his complaint (Compl. ¶ 1), Plaintiff is not entitled to summary judgment on Plaintiff's ERISA claims based on ERISA preemption.

B. **Breach of Fiduciary Claim**

Defendant further argues that Plaintiff has failed to allege a breach of fiduciary duty claim under ERISA. Under the Federal Rules of Civil Procedure, a complaint need only contain a short and plain statement of the claim upon which Plaintiff is entitled to relief and a demand for relief. Fed. R. Civ. P. 8(a). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Hamilton v. Allen-Bradley Co., Inc., 244 F.3d 819, 823 (11th Cir. 2001) (quoting Sams v. United Food & Commercial Workers Int'l Union, AFL-CIO, CLC, 866 F.2d 1380, 1384 (11th Cir. 1989)). Material misrepresentations or misleading communications to plan

-13-

participants regarding plan administration will support a claim for breach of fiduciary duty. Jones v. Am. Gen. Life and Acc. Ins. Co., 370 F.3d 1065, 1072 (11th Cir. 2004) (citing Ervast v. Flexible Prods. Co., 346 F.3d 1007 (11th Cir. 2003)). In his complaint, Plaintiff alleges that Defendant "fraudulently and knowingly misrepresented" to Plaintiff that he was covered by the long term disability plan and "failed and refused" to "respond to [Plaintiff's] requests for information." Under the liberal pleading policy of the Federal Rules, Plaintiff's allegations are sufficient to put Defendant on notice as to Plaintiff's breach of fiduciary duty claim. See Fed. R. Civ. P. 8(a).

C. **Standing**

Defendant further argues that Plaintiff lacks standing to assert a breach of fiduciary claim because he was not a "participant" in Textron's long term disability plan. ERISA confers standing upon "participants" and "beneficiaries" of an ERISA plan. 29 U.S.C.A. § 1132. A "participant" is defined by ERISA as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from

an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C.A. § 1002(7). In order for a former employee to establish that he is a "participant" with standing to bring an ERISA claim, a plaintiff must not be simply "someone who claims to be a participant or beneficiary," but must be "either [an] employee in, or reasonably expected to be in, currently covered employment, or [a] former employee who [has] . . . a reasonable expectation of returning to covered employment or [has] a colorable claim to vested benefits." See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117-18, 109 S.Ct. 948, 958, 103 L.Ed.2d 80 (1989). The Court concludes that Plaintiff has arguably stated a colorable claim to vested benefits.

## D. Enforceability of Oral Promises and Informal Documents

Defendant argues, in the alternative, that Plaintiff's claims should be dismissed because oral promises and informal documents cannot alter the plain and unambiguous language of the plan documents. "When plan documents unambiguously address the substantive rights of the parties at issue, the plan language controls, absent a showing of intentional fraudulent

promises by the insurer in informal communications with the insured." Clark v. Hartford Life and Acc. Ins. Co., 195 Fed. Appx. 932, *2 (11th Cir. 2006) (quoting Meadows v. Cagle's, Inc., 954 F.2d 686, 691 (11th Cir. 1992)); see also Alday v. Container Corp. of Am., 906 F.2d 660, 666 & 666 n. 15 (11th Cir. 1990), cert. denied, 498 U.S. 1026, 111 S.Ct. 675, 112 L.Ed.2d 668 (1991) (noting the "holding does not insulate from liability a fiduciary who makes fraudulent promises in informal communications that deceive employees and contradict the terms of the SPD. In such a case, there may be valid reasons for a court to look beyond the unambiguous language of the SPD in interpreting the plan.") Plaintiff alleges that "Defendant has fraudulently and knowingly misrepresented to Plaintiff that he was covered by [the long term disability] plan." Thus, construing the evidence in the light most favorable to Plaintiff, genuine issues exist thereby precluding summary judgment as to Plaintiff's ERISA claims.

### III.   JURY DEMAND

The Eleventh Circuit has repeatedly held that plaintiff's are not entitled to jury trials under ERISA because such claims are equitable in nature. Broaddus v. Fla. Power Corp., 145

F.3d 1283, 1287 n.** (11th Cir. 1998); Stewart v. KHD Deutz of Am. Corp., 75 F.3d 1522, 1527 (11th Cir.), cert. denied, 519 U.S. 930, 117 S.Ct. 300, 136 L.Ed.2d 218 (1996); Blake v. Unionmutual Stock Life Ins. Co. of Am., 906 F.2d 1525, 1526 (11th Cir. 1990); Chilton v. Savannah Foods & Indus., Inc., 814 F.2d 620, 623 (11th Cir. 1987) (holding that no right to a jury trial exists under ERISA); Howard v. Parisian, Inc., 807 F.2d 1560, 1566-67 (11th Cir. 1987) (stating that the former Fifth Circuit squarely held that plaintiffs in actions under 29 U.S.C.A. § 1132(a)(1)(B) are not entitled to trial by jury). Thus, because all of Plaintiff's remaining claims are brought pursuant to ERISA, he is not entitled to a trial by jury.

**CONCLUSION**

For the foregoing reasons, the parties' motions to strike certain affidavits (Doc. No. 39 & No. 43) are **DENIED**. Defendant's motion for summary judgment (Doc. No. 14) is **GRANTED IN PART and DENIED IN PART**. Specifically, Defendant's motion for summary judgment on Plaintiff's state law claims is **GRANTED**. Defendant's motion for summary judgment on

AO 72A
(Rev. 8/82)

Plaintiff's ERISA claims is **DENIED**. Defendant's motion to strike Plaintiff's jury demand (Doc. No. 14) is **GRANTED**.

**SO ORDERED**, this 13 day of August, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA